IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAIME DEGAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV607 |
| | ) | |
| v. | ) | |
| | ) | |
| THE FIELD CLUB OF OMAHA, a | ) | MEMORANDUM AND ORDER |
| Nebraska corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant, The Field Club of Omaha's ("Field Club") motion to dismiss Count II of the complaint filed by plaintiff Jaime Degan ("Degan") under Fed. R. Civ. P. 12(b)(6)(2004) (Filing No. 14). Degan filed a response to the motion (Filing No. 16). The Court has reviewed the motion, the briefs in support and opposition, the pleadings and the applicable law and makes the following findings.

## I.   MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). The issue in resolving a motion to dismiss is whether the plaintiffs are entitled to offer evidence in support of their claim, not whether they will ultimately prevail. *United States v. Aceto Chems.*

*Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989).  In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief.  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).  "A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974) (citing *Jenkins*, 395 U.S. at 421-22).  Thus, a dismissal under Rule 12(b)(6) is likely to be granted "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief."  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979); *see also Frey*, 44 F.3d at 671.  The Court considers the defendants' motion in light of the foregoing standard.

## II.  FACTS

Plaintiff Degan is a resident of Douglas County, Nebraska.  Defendant Field Club is a corporation doing business in Nebraska.  At the time of the alleged actions, Degan was employed as the Field Club's comptroller/accountant.  Degan had been employed by Field Club since December 1, 2000, when she

-2-

signed a one-year employment agreement that was renewable annually.

Field Club maintains a written employee policy handbook ("Handbook") that is distributed to all employees.  The Handbook expressly adopts and promulgates the Field Club's family medical leave policy which stated that "pursuant to the Family and Medical Leave Act of 1993, ("FMLA") on and after August 5, 1993, eligible employees may request and receive up to twelve weeks leave of absence in each calendar year under certain circumstances."  Section V of the Handbook states that the Field Club would continue to pay the same portion of an employee's health insurance premium during a period of leave which it paid prior to the leave.

In 2002, Degan requested and received twelve weeks of paid maternity leave.  Field Club paid Degan her full salary and all benefits including health care benefits during this maternity leave.  At the end of the 2002 maternity leave, Degan was restored to her former position as comptroller/accountant on the same terms and conditions that existed prior to her 2002 maternity leave.

In 2004, Degan requested maternity leave for the birth of her second child.  Field Club agreed to allow Degan twelve weeks of paid maternity leave on the same terms as granted in 2002.  Degan began this maternity leave on May 21, 2004.  Less

than three weeks later, on June 9, 2004, Field Club notified Degan that she was being terminated.  On June 10, 2004, Degan received a hand-delivered letter from Field Club confirming her termination and notifying Degan of their intention to immediately fill her former position.  Soon thereafter, Field Club terminated Degan's health insurance benefits.

Eventually, Field Club agreed to restore Degan to her former position under the same terms and conditions that existed prior to her 2004 maternity leave, but refused to pay her for her final eight weeks of maternity leave or to reimburse her for medical expenses incurred as a result of Field Club's termination of her health insurance benefits during her maternity leave.

On December 1, 2004, Degan filed this action (Filing No. 1).  On May 27, 2005, Field Club filed its motion to dismiss Count II pursuant to Fed. Rule Civ. P. 12(b)(6), asserting that Count II's FMLA claim is completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (2000)("ERISA") (Filing No. 14).

### III.  DISCUSSION

Field Club's preemption discussion is inappropriate because the preemption doctrine under ERISA refers to ERISA's preemption of state law claims.  29 U.S.C. § 1144(a).  Degan's Count II claim is not subject to preemption because FMLA is a federal law.  Instead of preemption, the proper discussion

focuses on the interaction of the two federal statutes -- ERISA and FMLA.

When two federal statutes overlap, it is settled law that a court must give effect to both if at all possible. *United States v. Borden*, 308 U.S. 188, 198, 60 S.Ct. 182 (1939). "When two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *FCC v. NextWave Personal Communications, Inc.*, 537 U.S. 293, 304, 123 S.Ct. 832, 840 (2003). Only where a "positive repugnancy" exists between the overlapping statutes may a court regard one statute as impliedly repealed by the other statute. *Borden*, 308 U.S. at 198, 60 S.Ct. at 182. Even then, the extent of the repeal is only to the minimal extent necessary to address the repugnancy. *Id*. at 199, S.Ct. at 182.

Degan's second claim does not present any overlap between ERISA and FMLA because the claim arises solely out of the FMLA. This claim asserts that the Field Club violated the FMLA by wrongfully terminating Degan's employment during her maternity leave in 2004 and also terminating her healthcare benefits, resulting in unpaid medical bills and expenses. The FMLA states that "the taking of leave under § 2612 of this title shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced." 29 U.S.C. § 2614(2).

Further, "the employer shall maintain coverage under any 'group health plan' . . . for the duration of such leave at the level and under the conditions coverage would have been provided if the employee had continued in employment continuously for the duration of such leave."  29 U.S.C. § 2614(c).  Degan's claim asserts precisely what the FMLA provides, that Field Club failed to maintain Degan's group health insurance coverage at the level and under the conditions that would have been provided if Degan had continued in her employment with Field Club for the duration of her leave.

The FMLA specifically provides that "the rights established for employees under this Act or any amendment made by this Act shall not be diminished by any . . . employment benefit program or plan."  29 U.S.C. § 2652(b).  The FMLA was enacted in 1993, nearly twenty years after ERISA was enacted.  Thus, Congress was well aware of ERISA when it enacted the FMLA and specifically addressed the possibility that the rights established under the FMLA may intersect with benefits provided under an employee benefit program or plan.  In the event of this interaction, the statute specifically states that the rights that arise under the FMLA shall not be diminished as a result of the interaction with any employee benefit plan.  Therefore, these rights will not be diminished by the ERISA laws controlling employee benefit plans.

The issue in resolving a motion to dismiss is whether the plaintiff is entitled to offer evidence in support of her claim, not whether she will ultimately prevail.  *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989).  In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief.  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).  Degan's second claim clearly states a valid claim for relief under the FMLA.  Defendant's motion to dismiss will be denied.  Accordingly,

IT IS ORDERED that defendant's motion to dismiss is denied.

DATED this 20th day of June, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court